**Eleno MARTINEZ ALVAREZ, Plaintiff,**

v.

**CASITA MARIA, INC., Maria Briones, Justin Lucio, Christina Martinez, and Joe Granados, Defendants.**

No. 3:02–CV–2442–H.

United States District Court, N.D. Texas, Dallas Division.

April 7, 2003.

William R Ackerman, Ackerman & Savage, Dallas, TX, Frank Sommerville, Weycer Kaplan Pulaski & Zuber, Arlington, TX, for Defendant.

### MEMORANDUM OPINION AND ORDER

SANDERS, Senior District Judge.

Before the Court is Defendant's Motion to Dismiss, filed January 21, 2003 and Plaintiff's Response, filed February 5, 2003. No reply was filed.

### I. Background

In October of 1997, Plaintiff and his wife contacted Defendant Casita Maria, Inc. ("Casita") to arrange for immigration counseling services. Compl. at 2. At the time of that contact, Plaintiff was in the

United States illegally. Compl. at 3. In the course of that counseling, Plaintiff met with several Casita employees, all of whom are named as Defendants in this lawsuit. Compl. at 3–4. Casita employees counseled Plaintiff to file certain forms and fees with the Immigration and Naturalization Service ("INS"). Defendant Maria Briones ("Briones") filled out these forms for the Plaintiff. Compl. at 4. Afterward, Defendant Christina Martinez ("Martinez"), an attorney, reviewed the forms and opined that they were complete and ready to file. *Id.* Upon the advice of Defendant Justin Lucio ("Lucio"), Plaintiff mailed these documents to the Dallas District Benefits Adjudication Section of the INS. Compl. at 5. Once the INS was aware of Plaintiff's whereabouts, the INS scheduled an interview with him, which Defendant Joe Granados ("Granados") attended. *Id.* At that interview, Plaintiff was notified that his Application to register for Permanent Residence would likely be denied. *Id.* Plaintiff was later arrested and charged with Illegal Reentry pursuant to 8 U.S.C. § 1326. Compl. at 6. Plaintiff pleaded guilty to the charge and was sentenced and committed to the custody of the United States Bureau of Prisons. *Id.* Plaintiff argues that his arrest and the subsequent indictment, conviction, and imprisonment could all have been avoided had the Defendants counseled him to submit an additional form-Form I–212.[1]

Plaintiff alleges in his Complaint that Defendants are liable for negligence, misfeasance, and in the case of Martinez for legal malpractice, for not counseling him to submit a Form I–212 to the INS. But for their negligence, he argues, he would not be imprisoned. All of the damages claimed by Plaintiff in his Complaint relate to his imprisonment. As Plaintiff's claims are all state-law claims, they are governed by Texas law. In their Motion to Dismiss, Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted under Texas law. A brief discussion of that law follows.

## II. Analysis

■ Under Texas law, claims of malpractice and negligence based upon a criminal conviction may not be brought unless that conviction has been overturned. *Peeler v. Hughes & Luce,* 909 S.W.2d 494, 497–8 (Tex.1995). In *Peeler,* the Texas Supreme Court held that "as a matter of law, it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of any injuries flowing from the conviction, unless the conviction has been overturned." *Id.* at 498. Plaintiff argues that this precedent does not apply in this case because his claims of negligence and malpractice spring from representation in an administrative law setting rather than a criminal law one. However, the *harm* to Plaintiff in this case is the same. He seeks damages for his incarceration.

■ Plaintiff further argues that the *Peeler* precedent would only apply to claims of malpractice, and not to Plaintiff's claims of negligence and misfeasance. However, negligence, like malpractice, requires proof of causation. The *Peeler* case is applicable here because it prevents the Plaintiff from proving causation in this case. As the Supreme Court indicated in *Peeler,* it was the public policy principle that "convicts may not shift the consequences of their crime to a third party" that motivated that decision. Such a public policy concern is also present here. In

---

1. Form I–212 is used to gain permission from the Attorney General to reapply for admission to the United States after deportation.

short, Plaintiff was incarcerated because he pleaded guilty to a charge of illegal reentry, not because of any action or inaction on the part of Defendants.[2]

### III.  Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED.** Plaintiff's suit is **DISMISSED** for failure to state a claim upon which relief may be granted.

SO ORDERED.

### *JUDGMENT*

This Judgment is entered pursuant to the Court's Memorandum Opinion and Order, dated April 7, 2003.

IT IS ORDERED, ADJUDGED and DECREED by the Court that Plaintiff Alvarez take nothing by his suit, and that this case be, and it is hereby, DISMISSED on the merits at Plaintiff's cost.

**2.** Furthermore, even if the public policy concerns in this case did not apply, Plaintiff would face extreme difficulties in showing that Defendants' actions were the proximate cause of Plaintiff's imprisonment. The filing of form I–212 does not automatically result in consent by the Attorney General that a person may reapply for admission to the United States. The form would also have needed to be approved before the remainder of Plaintiff's immigration documents would have come into play. *See e.g. United States v. Sanchez–Milam,* 305 F.3d 310, 313 (5th Cir. 2002); *United States v. Robles–Mendiola,* 215 F.3d 1323, 2000 WL 679727, *1 (4th Cir. May 25, 2000) (unpublished). There is no guarantee, in other words, that the filing of a form I–212 for Plaintiff would have prevented his imprisonment.